## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 1:20-cv-20024-UU

**GLORIA GARCIA, JANETH ZAPATA**, and
all others similarly situated under
29 U.S.C. §216(b),

      Plaintiffs,

vs.

**FOUR BLR DOORS, CORP.**, and
**ISRAEL LA RED**, individually,

      Defendants.

_____/

### FIRST AMENDED COMPLAINT[1]

Plaintiffs Gloria Garica ("Garcia") and Janeth Zapata ("Zapata") (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated under 29 U.S.C. §216(b), hereby file this First Amended Complaint and sue Four BLR Doors, Corp. ("Four BLR" or the "Company") and Israel Le Red ("La Red") (collectively "Defendants"), and allege as follows:

### Introduction

1.    This is an action by Garcia for unpaid overtime wages under to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). Further, this is

---

[1] Filed pursuant to this Court's Order in Actions Brought Under the Fair Labor Standards Act [DE 6].

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

action by Garcia for breach of contract, unjust enrichment, and *quantum meruit* for unpaid commissions that remain due and owing.

2.      This is an action by Zapata under to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") for unpaid overtime wages and for damages pursuant to the FLSA's anti-retaliation provisions.

3.      Plaintiffs seek damages within this court's jurisdictional requirements, reasonable attorneys' fees and costs, and all other remedies allowable by law.

4.      The overtime counts are brought as a collective action pursuant to 29 U.S.C. §216(b).

5.      Upon information and belief, Defendants have failed to compensate similarly situated employees in accordance with the FLSA by depriving them of the FLSA's required overtime premium.

### Parties, Jurisdiction and Venue

6.      Garcia has, at all relevant times, resided in Miami-Dade County, Florida.

7.      Zapata has, at all relevant times, resided in Miami-Dade County, Florida.

8.      Four BLR Doors, Corp. is a Florida corporation with its principal place of business in Miami-Dade County, Florida.

9.      La Red is over the age of eighteen and is otherwise *sui juris.*

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

10.    At all times material, La Red was and is an owner and operator of the Corporate Defendant.

11.    Venue is proper in this Court because Defendants transact business in this District, Defendants maintain a principal place of business in this District, Defendants employed Plaintiffs in this District, and the claims arose within this District.

**A. Defendants' Business And Interstate Commerce**

12.    Defendant operates a "premier installation company that specializes in high impact, resistant windows and doors in South Florida."[2]

13.    Upon information and belief, Four BLR's annual volume of sales or business exceeded $500,000 annually for every relevant year.

14.    At all relevant times, Defendants employed two or more employees, including Plaintiffs, that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

15.    Upon information and belief, Defendants obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their

---

[2] https://www.fbdoors.com/about-us/

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

16.     Defendants, upon information and belief, accept credit card payments, wire transfers, and other forms of payments that are made or processed outside the state of Florida.

17.     Defendants are employers engaged in interstate commerce and subject to the FLSA.

**B. <u>Plaintiffs' Employment And Defendants' Operational Control.</u>**

18.     Garcia began working for Defendants in or around July 2018.

19.     Garcia was hired by La Red.

20.     Garcia was supervised by La Red.

21.     Zapata began working for Defendants in and around April 2018.

22.     Zapata was hired by La Red.

23.     Zapata was supervised by La Red.

24.     La Red controlled Four BLR's purse strings during the relevant period.

25.     La Red Was responsible for ensuring that Plaintiffs and all other employees were properly compensated.

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

## C. **Defendants' Failure To Pay Plaintiffs In Accordance With The FLSA**

### a. **Garcia**

26.     On or about June 26, 2018, Garcia was tendered an offer letter where she would be paid $10.00 per hour and additional compensation based on leads that became sales.

27.     On or about January 7, 2019, Garcia was provided with an Amended offer letter outlining her new position of "Floor Sales". This new position retained her previously $10.00 hourly rate, set up a draw, and altered the commissions structure.

28.     At all material times Garcia worked in a non-exempt position.

29.     After receipt of the Amended offer letter, Garcia began working extended overtime hours where she averaged fifty-seven (57) hours per week (seventeen (17)) overtime hours per week until the conclusion of her employment.

30.     Despite having knowledge of Garcia's overtime hours and pay structure, Defendant improperly calculated Garcia's overtime premium pay rate. Specifically, Defendant failed to include Garcia's earned commissions when calculating Garcia's overtime premium pay rate.

31.     As such, Garcia now seeks a corrected calculation for her overtime premium pay rate, payment for her overtime work utilizing this correct rate of pay, liquidated damages, and attorneys' fees and costs.

### b. **Zapata**

32.     Zapata worked in Four BLR's human resources department.

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

33.     During Zapata's employment, she routinely worked beyond forty hours per week.  On average, Zapata worked forty-five to fifty hours per week, two to three weeks out of a typical month.

34.     Any potential exemption Defendants may seek to utilize as to Zapata was nullified by the policy and practice to improperly dock Zapata's salary for days of work despite Zapata being ready, able, and willing to work.

35.     As such, Zapata now seeks payment for all overtime hours worked, liquidated damages, and attorneys' fees and costs.

### D. Calculations of Plaintiffs' Claims for Unpaid Wages

36.     Pursuant to Court Order [DE 6], Plaintiffs set forth the following information as found in the filed Statement of Claim [DE 17].

### a. Garcia

37.     As to Garcia's unpaid wage claims, she seeks approximately $8,293.70 in unliquidated, halftime overtime wages (a total of $16,587.40 in liquidated halftime overtime wages).

38.     Garcia performed work for Defendants as a non-exempt employee from in or around June 26, 2018 to on or about June 14, 2019.  Garcia seeks corrected overtime wages during the time period of January 7, 2019 through June 14, 2019, approximately 22 weeks.

39.     A preliminary calculation of Garcia's unpaid wages are as follows:

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

*January 2019*

| Weeks At Issue | Overtime Hours At Issue Per Week | Overtime Rate (Corrected) | Unpaid Overtime Wages (Corrected) |
|---|---|---|---|
| **4 weeks**<br><br>(January 1, 2019 through June 31, 2019) | **17.5 hours (avg.)** | **$33.57 ($22.38 x 1.5)**<br><br>($10.00 x 57.5 hours = $575.00; $575.00 + $712 (avg. commission per week) = $1,287.00; $1,287.00/57.5 hours = $22.38) | **$2,106.45**<br><br>[($33.57 x 17.5 hours x 4 weeks) - $243.45 (prior overtime payment)] |

*February 2019*

| Weeks At Issue | Overtime Hours At Issue Per Week | Overtime Rate (Corrected) | Unpaid Overtime Wages (Corrected) |
|---|---|---|---|
| **4 weeks**<br><br>(February 1, 2019 through February 28, 2019) | **17.5 hours (avg.)** | **$46.44 ($30.96 x 1.5)**<br><br>($10.00 x 57.5 hours = $575.00; $575.00 + $1,205.00 (avg. commission per week) = $1,780.00; $1,780.00/57.5 hours = $30.96) | **$2,799.75**<br><br>[($46.44 x 17.5 hours x 4 weeks) - $451.05 (prior overtime payment)] |

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

*March 2019*

| Weeks At Issue | Overtime Hours At Issue Per Week | Overtime Rate (Corrected) | Unpaid Overtime Wages (Corrected) |
|---|---|---|---|
| **4 weeks**<br><br>(March 1, 2019 through March 31, 2019) | **17.5 hours (avg.)** | **$28.94 ($19.29 x 1.5)**<br><br>($10.00 x 57.5 hours = $575.00; $575.00 + $534.18 (avg. commission per week) = $1,109.18; $1,109.18/57.5 hours = $19.29) | **$1,561.40**<br><br>[($28.94 x 17.5 hours x 4 weeks) - $464.40 (prior overtime payment)]<br><br>2025.8 |

*April 2019*

| Weeks At Issue | Overtime Hours At Issue Per Week | Overtime Rate (Corrected) | Unpaid Overtime Wages (Corrected) |
|---|---|---|---|
| **4 weeks**<br><br>(April 1, 2019 through April 30, 2019) | **17.5 hours (avg.)** | **$20.82 ($13.88 x 1.5)**<br><br>($10.00 x 57.5 hours = $575.00; $575.00 + $223.42 (avg. commission per week) = $798.42; $798.42/57.5 hours = $13.88) | **$1,010.70**<br><br>[($20.82 x 17.5 hours x 4 weeks) - $446.70 (prior overtime payment)]<br><br>1,457.40 |

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

*May 2019*

| Weeks At Issue | Overtime Hours At Issue Per Week | Overtime Rate (Corrected) | Unpaid Overtime Wages (Corrected) |
|---|---|---|---|
| **4 weeks**<br><br>(May 1, 2019 through May 31, 2019) | **17.5 hours (avg.)** | **$18.45 ($12.30 x 1.5)**<br><br>($10.00 x 57.5 hours = $575.00; $575.00 + $132.44 (avg. commission per week) = $707.44; $707.44/57.5 hours = $12.30) | **$527.10**<br><br>[($18.45 x 17.5 hours x 4 weeks) - $764.40 (prior overtime payment)]<br><br>1,291.5 |

*June 2019*

| Weeks At Issue | Overtime Hours At Issue Per Week | Overtime Rate (Corrected) | Unpaid Overtime Wages (Corrected) |
|---|---|---|---|
| **2 weeks**<br><br>(June 1, 2019 through June 14, 2019) | **17.5 hours (avg.)** | **$24.90 ($16.60 x 1.5)**<br><br>($10.00 x 57.5 hours = $575.00; $575.00 + $380.00 (avg. commission per week) = $955.00; $955.00/57.5 hours = $16.60) | **$288.30**<br><br>[($24.90 x 17.5 hours x 2 weeks) - $583.20 (prior overtime payment)] |

**b. Zapata**

40.    Plaintiff Zapata seeks $7,797.30 in unliquidated halftime overtime wages (a total of $15,594.00 liquidated).

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

41.     Zapata performed work for Defendants as a non-exempt employee from in or around April 2018 through October 15, 2019, approximately 79 weeks.

42.     A preliminary calculation of Garcia's unpaid wages are as follows:

| Weeks At Issue | Hours At Issue Per Week | Rate of Pay (Halftime Overtime Rate) | Unpaid Wages (unliquidated) |
|---|---|---|---|
| **79 weeks**<br><br>(April 2018 through October 15, 2019) | **7.5 overtime hours (avg.)** | **$13.16**<br><br>($65,000.00/52 weeks = $1,250.00; $1,250.00/47.5 = $26.32; $26.32/2 = $13.16) | **$7,797.30**<br><br>(7.5 x $13.16 x 79 weeks) |

### E. **Garcia's Unpaid Commissions Claims**

43.     At the onset of Garcia's employment with Four BLR, the Company offered her an hourly rate and the promise of commissions (to offset the lower than expected hourly rate).

44.     The Company, however, used its discretion as to whether it would actually pay Garcia the commissions she earned and remain due and owing. Further, Four BLR would not inform Garcia on how it calculated the commissions or why the Company would pay her less in commissions than she actually earned.

45.     Garcia routinely complained about being kept in the dark about her commissions. In response, La Red and Four BLR manager, Janet Perez, informed

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

Garcia that she had no right to certain commissions and that the Company did not have to explain itself to Garcia.

46. These actions by the Company are objectively illegal and lay the foundation for several breach of contract claims.

**F. Defendants' Unlawful Retaliation of Zapata Under The FLSA**

47. Zapata took issue with Defendants' ongoing wage deductions, as it affected both her regular pay and entitlement to overtime, and sought to resolve this issue with ownership.

48. Zapata complained about these wage issues with La Red and his wife Carolina.

49. Shortly after Zapata's complaints, she noticed that Four BLR had posted an opening for her position online.

50. Believing Defendants would be terminating her, the failure by Defendants to remedy the wage deductions issue, and failure to pay overtime wages, Zapata separated from employment with the BLR Doors.

## COUNT I
## OVERTIME VIOLATIONS BY FOUR BLR UNDER THE FAIR LABOR STANDARDS ACT AS TO PLAINTIFFS AND ALL OTHER SIMILARLY SITUATED EMPLOYEES

51. Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1 through 42 above as if fully set forth herein.

52. Upon information and belief, Four BLR's annual volume of sales or business exceeded $500,000 during each calendar year of the relevant period.

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

53.     As part of its business, Four BLR purchased goods and materials that traveled through interstate commerce during the relevant period.

54.     During the relevant period, Four BLR obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce.

55.     During the relevant period, Four BLR, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments that were made or processed outside the state of Florida.

56.     During the relevant period, Four BLR was an employer engaged in interstate commerce and subject to the FLSA.

57.     During their employment with Four BLR, Plaintiffs worked overtime hours.

58.     Four BLR, however, failed to properly calculate (and then pay) Garcia's overtime premium rate and failed to compensate Zapata for overtime hours despite enforcing wage deductions that resulted in the loss of any purported exemption.

59.     Plaintiffs are owed overtime back pay.

60.     In addition, Four BLR is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violation of the FLSA.

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

61.     Other Four BLR employees were also deprived of proper overtime compensation as required by the FLSA.

**WHEREFORE,** Plaintiffs respectfully requests that the Court:

a.     Enter judgment for Plaintiffs against Four BLR under the FLSA;

b.     Award Plaintiffs actual damages for the unpaid wages;

c.     Award Plaintiffs liquidated damages;

d.     Award Plaintiffs their attorneys' fees and costs;

e.     Award Plaintiffs all recoverable interest; and

f.     Award any other relief this Honorable Court deems just and proper.

**COUNT II**
**OVERTIME VIOLATIONS AGAINST LA RED UNDER THE FAIR LABOR STANDARDS ACT AS TO PLAINTIFFS AND ALL OTHERS SIMILARLY SITUATED**

62.     Plaintiff re-allege and incorporate by reference the allegations in paragraphs 1 through 42 above as if fully set forth herein.

63.     During the relevant period, La Red was an owner, corporate officer, and operator of Four BLR.

64.     During the relevant period, La Red operated the day-to-day activities of Four BLR, had supervisory authority over Plaintiffs and all other similarly situated employees, and was partially or totally responsible for paying Plaintiffs and all other similarly situated employees.

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

65.     La Red was Plaintiffs' employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203 during the relevant period.

66.     Plaintiffs are owed unpaid overtime compensation pursuant to the FLSA.

67.     Other similarly situated employees were also deprived overtime compensation at a rate of time-and-a-half their regularly rate of pay as required by the FLSA.

68.     La Red is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of his intentional and willful violation of the FLSA.

**WHEREFORE,** Plaintiffs respectfully request that the Court:

a.      Enter judgment against La Red under the FLSA;

b.      Award Plaintiffs actual damages for the unpaid wages;

c.      Award Plaintiffs liquidated damages;

d.      Award Plaintiffs attorneys' fees and costs;

e.      Award Plaintiffs all recoverable interest; and

f.      Award any other relief this Honorable Court deems just and proper.

**COUNT III**
**BREACH OF CONTRACT AGAINST FOUR BLR**

69.     Plaintiff Garcia re-alleges and incorporates by reference the allegations in paragraphs 1-3, 6, 8-12, 18-20, 43-46 above as if fully set forth herein.

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

70.    During her employment with Four BLR, Garcia was to be compensated an hourly rate and commissions.

71.    Garcia fully performed her services and commissions became due and owing.

72.    Four BLR breached its agreement with Garcia by failing and refusing to pay for commissions earned.

73.    Garcia has been harmed and suffered damages as a result of Four BLR's breach of contract.

74.    All conditions precedent to the maintenance of this action have occurred, been performed, or have been excused.

75.    Garcia has retained the undersigned law firm to prosecute this action and is obligated to pay it a reasonable fee for the services.

**WHEREFORE**, Garcia demands judgment in its favor and against Defendant Four BLR for damages plus interest, attorney's fees, costs, and such other relief as this Court deems just and proper.

**COUNT IV**
**UNJUST ENRICHMENT AGAINST FOUR BLR**
**(In the Alternative)**

76.    Plaintiff Garcia re-alleges and incorporates by reference the allegations in paragraphs 1-3, 6, 8-12, 18-20, 43-46 as if fully set forth herein.

77.    Garcia conferred a benefit on Four BLR by rendering sales services as part of her regular employment duties.

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

78.     Four BLR voluntarily accepted an retained the benefits conferred by Garcia,

79.     The circumstances render Four BLR's retention of the benefits conferred inequitable unless Four BLR pays Garcia the value of the services rendered (commissions).

80.     Garcia has retained the undersigned law firm to prosecute this action and is obligated to pay it a reasonable fee for the services.

**WHEREFORE**, Garcia demands judgment in its favor and against Defendant Four BLR for damages plus interest, attorney's fees, costs, and such other relief as this Court deems just and proper

**COUNT V**
**QUANTUM MERUIT AGAINST FOUR BLR**
**(In the Alternative)**

81.     Plaintiff Garcia re-alleges and incorporates by reference the allegations in paragraphs 1-3, 6, 8-12, 18-20, 43-46 as if fully set forth herein.

82.     Garcia conferred a benefit on Four BLR by rendering sales services as part of her regular employment duties.

83.     Four BLR voluntarily accepted an retained the benefits conferred by Garcia,

84.     The circumstances render Four BLR's retention of the benefits conferred inequitable unless Four BLR pays Garcia the value of the services rendered (commissions).

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

85.     Garcia has retained the undersigned law firm to prosecute this action and is obligated to pay it a reasonable fee for the services.

**WHEREFORE**, Garcia demands judgment in its favor and against Defendant Four BLR for damages plus interest, attorney's fees, costs, and such other relief as this Court deems just and proper.

**COUNT VI**
**RETALIATION BY FOUR BLR**
**UNDER THE FAIR LABOR STANDARDS ACT AS TO ZAPATA**

86.     Zapata re-alleges and incorporates by reference the allegations in paragraphs 2-3, 7-12, 21-23, 47-50 above as if fully set forth herein.

87.     Zapata engaged in protected activity under the FLSA when she complained about unpaid overtime wages to La Red.

88.     Four BLR retaliated against Zapata because of her protected activity by failing to remedy the unpaid wages and posting Zapata's position online for hiring shortly after Zapata made her complaint.

89.     Four BLR's retaliatory conduct is intended to chill Zapata's willingness to continue to enforce her rights under the FLSA.

90.     Reasonable workers would naturally be dissuaded from continuing to support an FLSA claim when faced with the retaliatory conduct Defendant has engaged in.

91.     Zapata has suffered mental and emotional distress because of Four BLR's retaliatory conduct.

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

**WHEREFORE,** Zapata respectfully requests that the Court:

a.      Enter judgment for Zapata against Four BLR under the FLSA;

b.      Award Zapata actual damages for the unpaid wages;

c.      Award Zapata liquidated damages;

d.      Award Zapata compensatory damages for mental and emotional distress;

e.      Award Zapata her attorneys' fees and costs;

f.      Award Zapata all recoverable interest; and

g.      Award any other relief this Honorable Court deems just and proper.

### COUNT VIII
### RETALIATION BY LA RED
### UNDER THE FAIR LABOR STANDARDS ACT AS TO ZAPATA

92.     Zapata re-alleges and incorporates by reference the allegations in paragraphs 2-3, 7-12, 21-23, 47-50 above as if fully set forth herein.

93.     Zapata engaged in protected activity under the FLSA when she complained about unpaid overtime wages to La Red.

94.     La Red retaliated against Zapata because of her protected activity by failing to remedy the unpaid wages and by posting Zapata's position online for hiring shortly after Zapata made her complaint.

95.     La Red's retaliatory conduct is intended to chill Zapata's willingness to continue to enforce her rights under the FLSA.

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

96.     Reasonable workers would naturally be dissuaded from continuing to support an FLSA claim when faced with the retaliatory conduct La Red has engaged in.

97.     Zapata has suffered mental and emotional distress because of La Red's retaliatory conduct.

**WHEREFORE,** Zapata respectfully requests that the Court:

a.     Enter judgment for Zapata against La Red under the FLSA;

b.     Award Zapata actual damages for the unpaid wages;

c.     Award Zapata liquidated damages;

d.     Award Zapata compensatory damages for mental and emotional distress;

e.     Award Zapata her attorneys' fees and costs;

f.     Award Zapata all recoverable interest; and

g.     Award any other relief this Honorable Court deems just and proper.

## **JURY TRIAL**

Plaintiffs hereby request a trial by jury with respect to all claims so triable.

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

Dated:  February 7, 2020

Respectfully submitted,

By:  **/s/ Brody M. Shulman**
J. Freddy Perera, Esq.
Florida Bar No. 93625
E-mail: freddy@pba-law.com
Valerie Barnhart, Esq.
Florida Bar No. 88549
E-mail: valerie@pba-law.com
Brody M. Shulman, Esq.
Florida Bar No. 092044
E-mail: brody@pba-law.com

**PERERA BARNHART ALEMAN**
12555 Orange Drive
Second Floor
Davie, FL 33330
Telephone: (786) 485-5232
*Counsel for Plaintiffs*

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that a true and correct copy of the foregoing document was served via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on all counsel or parties of record on the Service List below.

By: _/s/ **Brody M. Shulman**_____
Brody M. Shulman, Esq.

**SERVICE LIST**
HUGO L. GARCIA, ESQ.
E-mail: HGarcia@generalcounselfl.com

**FLORIDA GENERAL COUNSEL, P.A.**
3403 NW 82 Ave
Suite 101D
Doral, FL 33122
Phone: (305) 704-2500
*Attorney for Defendants*