UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-20024-UU

GLORIA GARCIA,

      Plaintiff,

vs.

FOUR BLR DOORS, CORP., and
ISRAEL LA RED, individually,

      Defendants.

_____/

**SECOND AMENDED COMPLAINT[1]**

Plaintiff Gloria Garcia ("Garcia" or "Plaintiff"), by and through undersigned counsel, hereby files this Second Amended Complaint and sues Four BLR Doors, Corp. ("Four BLR" or the "Company") and Israel Le Red ("La Red") (collectively "Defendants"), and alleges as follows:

**Introduction**

1.    This is an action by Garcia for unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). Further, Garcia is asserting claims for breach of contract, unjust enrichment, and *quantum meruit* for unpaid commissions that remain due and owing and are sought separate from Garcia's unpaid overtime wage claims.

---

[1] Filed pursuant to this Court's Order [DE 37].

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

2.     Plaintiff seeks damages within this court's jurisdictional requirements, reasonable attorneys' fees and costs, and all other remedies allowable by law.

## Parties, Jurisdiction and Venue

3.     Garcia has, at all relevant times, resided in Miami-Dade County, Florida.

4.     Four BLR is a Florida corporation with its principal place of business in Miami-Dade County, Florida.

5.     La Red is over the age of eighteen and is otherwise *sui juris*.

6.     At all times material, La Red was and is an owner and operator of the Corporate Defendant.

7.     Venue is proper in this Court because Defendants transact business in this District, Defendants maintain a principal place of business in this District, Defendants employed Plaintiff in this District, and the claims arose within this District.

### A. Defendants' Business And Interstate Commerce

8.     Four BLR operates an installation company that "specializes in high impact, resistant windows and doors in South Florida."[2]

9.     Upon information and belief, Four BLR's annual volume of sales or business exceeded $500,000 annually for every relevant year.

---

[2] https://www.fbdoors.com/about-us/

2 | P a g e

10.    At all relevant times, Defendants employed two or more employees, including Plaintiff, that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

11.    Upon information and belief, Defendants obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

12.    Defendants, upon information and belief, accept credit card payments, wire transfers, and other forms of payments that are made or processed outside the state of Florida.

13.    Defendants are employers engaged in interstate commerce and subject to the FLSA.

**B. <u>Plaintiff's Employment And Defendants' Operational Control.</u>**

14.    Garcia began working for Defendants in or around July 2018.

15.    Garcia was hired by La Red.

16.    Garcia was supervised by La Red.

17.    La Red controlled Four BLR's purse strings during the relevant period.

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

18.     La Red was responsible for ensuring that Plaintiff was properly compensated.

19.     La Red was responsible for tracking and/or reviewing employee work hours.

20.     La Red was responsible for recording and/or documenting commissions and/or other bonuses earned by the Company's employees.

### C. Defendants' Failure To Pay Plaintiff Proper Overtime Wages During The First Period Of Plaintiff's Employment.

21.     Four BLR provided Garcia an Offer Letter on or about June 26, 2018 for a Lead Qualifier. See **Exhibit "A."**

22.     The Offer Letter promised to pay Garcia $10 per hour.

23.     The Offer Letter also promised additional compensation for sales.

24.     La Red was expressly identified as Garcia's supervisor in the Offer Letter.

25.     After June 26, 2018, Garcia was provided with an "Amendment to Contract" (the "Amended Contract").

26.     The Amended Contract referred to the Offer Letter as the "Agreement" reached by the parties on June 26, 2018.

27.     Garcia served in the Lead Qualifier position from approximately June 26, 2018 through approximately January 6, 2019 (the "First Period").

28.     The Amended Contract contained additional language with respect to commissions that would be paid to Garcia.  Specifically, Plaintiff was to receive

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

$25.00 for each sale if she provided a lead to a salesperson that completed the sale or, if Plaintiff made the sale herself, she would receive between 0.5%-1% of the sale as a commission. A sample of Plaintiff's leads and sales during the First Period is filed hereto as **Exhibit "B."**

29.   During the First Period, Garcia worked an average of approximately forty-five (45) hours per week until the close of October 2018 and worked an average of approximately fifty-seven (57) hours during the months of November and December 2018.[3]

30.   While Defendants generally paid Garcia overtime compensation for the hours Garcia worked over 40 in a given workweek, Defendants failed to properly calculate the overtime rate Garcia was entitled to under the FLSA.

31.   More precisely, Defendants failed to include the $25.00 "leads bonus" and regular commission payments from sales earned by Garcia into the applicable overtime rate.

32.   Garcia's estimated overtime damages during the First Period are as follows:

A.      From June 26, 2018 through October 27, 2019, when Plaintiff worked approximately forty-five (45) hours per week, she received approximately $1,125.00 in overtime wages.[4] However, Plaintiff should

---

[3] This estimation is subject to revision after receiving the relevant payroll and time records from Defendants.

[4] This figure is predicated on Defendants paying Plaintiff her incorrect overtime rate of $15.00 for 5 hours of overtime over the course of 15 weeks

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

have received, taking into account her "leads bonus" and commissions, $1,511.77. As such, Plaintiff is owed $386.77 in unpaid, unliquidated overtime wages during these weeks in the First Period.

B.     From November 1, 2018 through December 31, 2018, when Plaintiff worked approximately fifty-seven (57) hours per week, she received approximately $1,530.00 in overtime wages.[5] However, Plaintiff should have received $2,031.67 taking into account her "leads bonus" and commissions. As such, Plaintiff is owed $501.67 in unpaid, unliquidated overtime wages during these weeks in the First Period.

**D. Defendants' Failure To Pay Plaintiff Overtime Wages During The Second Period Of Plaintiff's Employment.**

33.     On or around January 7, 2019, Four BLR changed Garcia's job title to "Floor Sales"—a position she held until the end of her employment (the "Second Period").

34.     While Defendants used a Floor Sales job title for Garcia, Garcia was required to perform many duties not related to Floor Sales.

35.     For example, Defendants required Garcia to clean bathrooms, take cars to the Chevrolet dealership, pick up supplies, archive, etc.

36.     The "Floor Sales" position involved a hybrid compensation package—an hourly component and a commission component.

---

[5] This figure is predicated on Defendants paying Plaintiff her incorrect overtime rate of $15.00 for 17 hours of overtime over the course of 6 weeks.

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

37.   The hourly portion ($10 an hour) served as a draw against commission.

38.   Garcia worked extended overtime hours during the Second Period.

39.   Specifically, Garcia worked an average of approximately fifty-seven (57) hours per week through the end of her employment with Defendants.

40.   Despite having knowledge of Garcia's overtime hours and pay structure, Defendant improperly calculated Garcia's overtime premium pay rate.

41.   Defendant failed to include Garcia's earned commissions when calculating Garcia's overtime premium pay rate.

42.   As such, Garcia now seeks a corrected calculation for her overtime premium pay rate, payment for her overtime work utilizing this correct rate of pay, liquidated damages, and attorneys' fees and costs.

**E. <u>Calculations of Garcia's Claims for Unpaid Wages During The Second Period.</u>**

43.   As part of Garcia's overtime claims for the Second Period, she seeks $3,017.33 in unliquidated backpay plus an equal amount for liquidated damages.  The total estimated overtime damages for the Second Period, therefore, are $6,034.66.

44.   Garcia performed work for Defendants as a non-exempt employee during the Second Period.

45.   Garcia seeks corrected overtime wages during the time period of January 7, 2019 through June 14, 2019—approximately 22 weeks.

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

46. A preliminary calculation of Garcia's unpaid wages are as follows:

*January 2019*

| Weeks At Issue | Total Overtime Hours In Month | Overtime Rate (Corrected) | Unpaid Overtime Wages (Corrected) |
|---|---|---|---|
| **4 weeks**<br><br>(January 1, 2019 through June 31, 2019) | **16.23 Hours** | **$37.65 ($25.10 x 1.5)**<br><br>($10.00 x 44 hours (avg. per week)) = $440.00; $440.00 + $664.50 (avg. commission per week) = $1,104.50; $1,104.50/44 hours = $25.10) | **$367.60**<br><br>[($37.65 x 16.23 OT hours) - $243.45 (prior overtime payment)] |

*February 2019*

| Weeks At Issue | Total Overtime Hours In Month | Overtime Rate (Corrected) | Unpaid Overtime Wages (Corrected) |
|---|---|---|---|
| **4 weeks**<br><br>(February 1, 2019 through February 28, 2019) | **30.07 Hours** | **$59.63 ($39.75 x 1.5)**<br><br>($10.00 x 47.5 hours = $475.00; $475.00 + $1,413.20 (avg. commission per week) = $1,888.20; $1,888.20/47.5 hours = $39.75) | **$1,342.02**<br><br>[($59.63 x 30.07 OT hours) - $451.05 (prior overtime payment)] |

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

*March 2019*

| Weeks At Issue | Total Overtime Hours In Month | Overtime Rate (Corrected) | Unpaid Overtime Wages (Corrected) |
|---|---|---|---|
| **4 weeks**<br><br>(March 1, 2019 through March 31, 2019) | **30.96 hours** | **$31.78 ($21.19 x 1.5)**<br><br>($10.00 x 47.74 hours = $477.40; $477.40 + $534.18 (avg. commission per week) = $1,011.58; $1,011.58/47.74 hours = $21.19) | **$519.51**<br><br>[($31.78 x 30.96 OT hours) - $464.40 (prior overtime payment)] |

*April 2019*

| Weeks At Issue | Total Overtime Hours In Month | Overtime Rate (Corrected) | Unpaid Overtime Wages (Corrected) |
|---|---|---|---|
| **4 weeks**<br><br>(April 1, 2019 through April 30, 2019) | **29.51 hours** | **$22.08 ($14.72 x 1.5)**<br><br>($10.00 x 47.38 hours = $473.80; $473.80 + $223.42 (avg. commission per week) = $697.22; $697.22/47.38 hours = $14.72) | **$204.88**<br><br>[($22.08 x 29.51 OT hours) - $446.70 (prior overtime payment)] |

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

*May 2019*

| Weeks At Issue | Total Overtime Hours In Month | Overtime Rate (Corrected) | Unpaid Overtime Wages (Corrected) |
|---|---|---|---|
| **4 weeks**<br><br>(May 1, 2019 through May 31, 2019) | **50.96 Hours** | **$19.13 ($12.75 x 1.5)**<br><br>($10.00 x 52.74 hours = $527.40; $527.40 + $144.95 (avg. commission per week) = $672.35; $672.35/52.74 hours = $12.75) | **$210.46**<br><br>[($19.13 x 50.96 OT hours) - $764.40 (prior overtime payment)] |

*June 2019*

| Weeks At Issue | Total Overtime Hours In Month | Overtime Rate (Corrected) | Unpaid Overtime Wages (Corrected) |
|---|---|---|---|
| **2 weeks**<br><br>(June 1, 2019 through June 21, 2019) | **38.88 Hours** | **$24.59 ($16.39 x 1.5)**<br><br>($10.00 x 59.44 hours = $594.40; $594.40 + $380.00 (avg. commission per week) = $974.40; $974.40/59.44 hours = $16.39) | **$372.86**<br><br>[($24.59 x 38.88 OT hours) - $583.20 (prior overtime payment)] |

## F. **Four BLR's Breach Of the Commission Agreement**

47.    Four BLR promised to pay Garcia a commission for all sales she closed during the Second Period.

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

48.     Pursuant to the parties' commission agreement, Four BLR would pay Garcia up to 12% of every deal she closed after assuming the Floor Sales position.  The commission owed to Garcia was subject a reduction based on whether and how much of a discount was offered to a customer.  Generally, the commissions owed to Garcia fell within one of three tiers: a 12% tier, a 7% tier, or a 3% tier.  The allegations in this paragraph will hereinafter be referred to as the "Commission Agreement."

49.     The Commission Agreement was verbal.

50.     Because Garcia has not yet been afforded the opportunity to engage in discovery, Garcia is not able to delineate additional details about the sliding scale used for the Commission Agreement.  These documents are in Defendants' possession.

51.     Garcia, however, has attached spreadsheets as **Exhibit "C"** showing a pattern and practice of the Company paying Garcia some of the commissions due on a monthly basis pursuant to the Commission Agreement.

52.     As will be noted from Exhibit "C," Garcia generally received 3%, 7%, or 12% of a sale—subject to some variations.

53.     Importantly, however, the Commission Agreement always required some level of commission payment when Garcia closed a sale.

54.     The Commission Agreement never allowed Defendants to completely deprive Garcia of a commission payment following a sale.

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

55.     Contrary to the Commission Agreement, however, Four BLR siphoned commission funds due to Garcia and kept it for its own benefit.

56.     The failure to pay Garcia for commissions owed was a material breach of the Commission Agreement.

57.     Garcia was undoubtedly damaged by Four BLR's breach of the Commission Agreement because Garcia never received funds she was legally entitled to.

**COUNT I**
**OVERTIME VIOLATIONS BY FOUR BLR**
**UNDER THE FAIR LABOR STANDARDS ACT**

58.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 46 above as if fully set forth herein.

59.     Upon information and belief, Four BLR's annual volume of sales or business exceeded $500,000.00 during each calendar year of the relevant period.

60.     As part of its business, Four BLR purchased goods and materials that traveled through interstate commerce during the relevant period.

61.     During the relevant period, Four BLR obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce.

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

62.     During the relevant period, Four BLR, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments that were made or processed outside the state of Florida.

63.     During the relevant period, Four BLR was an employer engaged in interstate commerce and subject to the FLSA.

64.     During her employment with Four BLR, Garcia worked overtime hours.

65.     Four BLR, however, failed to properly calculate (and then pay) Garcia's overtime premium rate taking into consideration all earnings for the respective periods, i.e. Garcia's commissions.

66.     Due to the failure to include all earnings for the respective periods, Plaintiff is owed overtime back pay.

67.     In addition, Four BLR is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violation of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.      Enter judgment for Plaintiff against Four BLR under the FLSA;

b.      Award Plaintiff actual damages for the unpaid wages;

c.      Award Plaintiff liquidated damages;

d.      Award Plaintiff her attorneys' fees and costs;

e.      Award Plaintiff all recoverable interest; and

f.      Award any other relief this Honorable Court deems just and proper.

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

**COUNT II**
**OVERTIME VIOLATIONS AGAINST LA RED**
**UNDER THE FAIR LABOR STANDARDS ACT**

68.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 46 above as if fully set forth herein.

69.      During the relevant period, La Red was an owner, corporate officer, and operator of Four BLR.

70.     During the relevant period, La Red operated the day-to-day activities of Four BLR, had supervisory authority over Plaintiff and other employees, and was partially or totally responsible for paying Plaintiff and other employees.

71.     La Red was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203 during the relevant period.

72.     Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

73.     La Red is jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of his intentional and willful violation of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.     Enter judgment against La Red under the FLSA;

b.     Award Plaintiff actual damages for the unpaid wages;

c.     Award Plaintiff liquidated damages;

d.     Award Plaintiff her attorneys' fees and costs;

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

e.    Award Plaintiff all recoverable interest; and

f.    Award any other relief this Honorable Court deems just and proper.

**COUNT III**
**BREACH OF CONTRACT AGAINST FOUR BLR**

74.    Plaintiff Garcia re-alleges and incorporates by reference the allegations in paragraphs 1-8, 14-18, 33, 36-37, 47-57 above as if fully set forth herein.

75.    Four BLR and Garcia entered into a verbal Commission Agreement under which Garcia would receive commission payments for all sales she closed from January 7, 2019 through the end of her employment with the Company.

76.    Pursuant to the Commission Agreement, Four BLR would pay Garcia up to 12% of every deal she closed after assuming the Floor Sales position. The commission owed to Garcia was subject a reduction based on whether and how much of a discount was offered to a customer.  Generally, the commissions owed to Garcia fell within one of three tiers: a 12% tier, a 7% tier, or a 3% tier.

77.    Because Garcia has not yet been afforded the opportunity to engage in discovery, Garcia is not able to delineate additional details about the sliding scale used for the Commission Agreement.  These documents are in Defendants' possession.

78.    Garcia, however, has attached spreadsheets created by Four BLR, as **Exhibit "C"** showing a pattern and practice of the Company paying Garcia

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

some of the commissions due on a monthly basis pursuant to the Commission Agreement.

79.    As will be noted from Exhibit "C," Garcia generally received 3%, 7%, or 12% of a sale—subject to some variations.

80.    Importantly, however, the Commission Agreement always required some level of commission payment when Garcia closed a sale.

81.    The Commission Agreement never allowed Defendants to completely deprive Garcia of a commission payment following a sale.

82.    Contrary to the Commission Agreement, however, Four BLR siphoned commission funds due to Garcia and kept it for its own benefit.

83.    The failure to pay Garcia for commissions owed was a material breach of the Commission Agreement.

84.    Garcia was undoubtedly damaged by Four BLR's breach of the Commission Agreement because Garcia never received funds she was legally entitled to.

**WHEREFORE**, Garcia demands judgment in its favor and against Defendant Four BLR for damages plus interest, attorney's fees pursuant to Fla. Stat. §448.08, costs, and such other relief as this Court deems just and proper.

## COUNT IV
## UNJUST ENRICHMENT/CONTRACT IMPLIED IN LAW AGAINST FOUR BLR
## (In the Alternative)

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

85.     Plaintiff Garcia re-alleges and incorporates by reference the allegations in paragraphs 1-8, 14-18, 33, 36-37, 47, 52 above as if fully set forth herein.

86.     This Count is being asserted in the alternative and only to the extent Four BLR denies the existence or enforceability of an express oral contract between the parties as set forth in this Second Amended Complaint.

87.     Garcia performed sales services for the benefit of Four BLR during her tenure with the Company.

88.     In exchange for the sales services, Four BLR agreed to pay Garcia a commission for *all* sales she closed to the extent the commission payments exceeded Garcia's hourly draw.

89.     Specifically, Four BLR agreed to pay Garcia up to 12% of every deal she closed after assuming the Floor Sales position.

90.     The commission owed to Garcia was subject to reduction based on whether and how much of a discount was offered to a customer.  Generally, the commissions owed to Garcia fell within one of three tiers: a 12% tier, a 7% tier, or a 3% tier.

91.     Garcia agreed to accept a position that involved sales because of the promised commission payments.

92.     Four BLR generally paid Garcia for some of the sales services she performed (the "Compensated Sales").

93.     A sample of the commission payments are attached as Exhibit "C."

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

94.     Four BLR, however, failed to pay Garcia the requisite commission for some sales closed by Garcia (the "Pending Commission Sales") even when the combined commissions exceeded the applicable hourly draw.

95.     The Pending Commission Sales were of the same character and type that resulted in Compensated Sales.

96.     Four BLR not only had knowledge of the Pending Commission Sales, the Company actually hired Garcia, at least in part, to perform these sales.

97.     The Company had access to and reviewed records of its sales, including the sales performed by Garcia.

98.     While Four BLR accepted the sales and retained the benefits associated with same, the Company did not pay Garcia any commissions for some of the qualified sales.

99.     In other instances, the Company arbitrarily and improperly reduced Garcia's commission beyond any discount offered to customers.

100.    The Company's retention of all the sale proceeds without distribution of the agreed-upon commission is improper.

101.    Given Four BLR's misconduct and because it will receive a windfall by accepting and retaining the benefit conferred by Plaintiff, the circumstances are such that it would be inequitable for Four BLR to retain the benefit without paying fair value for it.

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

102.   Assuming Four BLR denies the existence of an express contract with Plaintiff as set forth in this Second Amended Complaint, there is no adequate remedy at law with respect to compensation owed to Plaintiff.

**WHEREFORE**, Garcia demands judgment in its favor and against Defendant Four BLR for damages plus interest, attorney's fees pursuant to Fla. Stat. §448.08, costs, and such other relief as this Court deems just and proper.

## COUNT V
## QUANTUM MERUIT/CONTRACT IMPLIED IN FACT AGAINST FOUR BLR
## (In the Alternative)

103.   Plaintiff Garcia re-alleges and incorporates by reference the allegations in paragraphs 1-8, 14-18, 33, 36-37, 47, 52 above as if fully set forth herein.

104.   This Count is being asserted in the alternative and only to the extent Four BLR denies the existence or enforceability of an express oral contract between the parties as set forth in this Second Amended Complaint.

105.   Garcia performed sales services for the benefit of Four BLR during her tenure with the Company.

106.   In exchange for the sales services, Four BLR agreed to pay Garcia a commission for *all* sales she closed, subject to the sales amount exceeding the hourly draw paid to Garcia.

107.   Garcia agreed to accept a position that involved sales because of the promised commission payments.

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

108.   Four BLR generally paid Garcia for some of the sales services she performed (the "Compensated Sales").

109.   A sample of the commission payments are attached as Exhibit "C."

110.   Four BLR, however, failed to pay Garcia the requisite commission for some sales she closed, (the "Pending Commission Sales") even when her commissions exceeded the hourly draw.

111.   Specifically, Four BLR agreed to pay Garcia up to 12% of every deal she closed after assuming the Floor Sales position.

112.   The commission owed to Garcia was subject to reduction based on whether and how much of a discount was offered to a customer.  Generally, the commissions owed to Garcia fell within one of three tiers: a 12% tier, a 7% tier, or a 3% tier.

113.   Aside from fully depriving Garcia of any credit for some sales, the Company would, at times, arbitrarily reduce Garcia's commission credit beyond any discount Garcia offered customers.

114.   The Pending Commission Sales were of the same character and type that resulted in Compensated Sales.

115.   Garcia performed sales services for the Company under circumstances the parties understood and agreed would result in commission payments to Garcia, particularly when the combined commissions exceeded the hourly draw.

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

116.   As indicated in Exhibit "C," the parties established a practice under which Garcia would be credited commission, up to 12% of the sale, for all sales closed.

117.   The commission historically paid to Garcia varied based on the existence and extent of discount offered by Garcia to Four BLR customers.

118.   The Company, contrary to the parties' agreement and past practice, has refused to issue any payment to Garcia for some qualifying sales.

119.   Four BLR was fully aware that Garcia expected to receive commission credit for all sales Garcia closed.  In fact, Garcia complained to the Company if the proper compensation was not issued.

120.   Furthermore, the sales performed by Four BLR were specifically required by the Company.

121.   Four BLR had full knowledge of the sales and reaped the benefits of Garcia's labor.

122.   The Company acquiesced in the provision of Plaintiff's services for the benefit of Defendant.

123.   The course of conduct between the parties created a contract implied in fact under which Plaintiff would be compensated for the valuable services she rendered in a specific manner.

124.   By denying Plaintiff compensation due to her, Four BLR has been unjustly enriched.

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

125. Assuming Four BLR denies the existence of an express contract with Plaintiff as set forth in this Second Amended Complaint, there is no adequate remedy at law with respect to compensation owed to Plaintiff.

**WHEREFORE**, Garcia demands judgment in its favor and against Defendant Four BLR for damages plus interest, attorney's fees pursuant to Fla. Stat. §448.08, costs, and such other relief as this Court deems just and proper.

## JURY TRIAL

Plaintiff hereby request a trial by jury with respect to all claims so triable.

Dated:  April 6, 2020

Respectfully submitted,

By: _/s/ J. Freddy Perera_
J. Freddy Perera, Esq.
Florida Bar No. 93625
E-mail: freddy@pba-law.com
Valerie Barnhart, Esq.
Florida Bar No. 88549
E-mail: valerie@pba-law.com
Brody M. Shulman, Esq.
Florida Bar No. 092044
E-mail: brody@pba-law.com

**PERERA BARNHART ALEMAN**
12401 Orange Drive Suite 123
Davie, FL 33330
Telephone: (786) 485-5232
_Counsel for Plaintiff_

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that a true and correct copy of the foregoing document was served via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on all counsel or parties of record on the Service List below.

By: _/s/ J. Freddy Perera_
Jorge Freddy Perera, Esq.

**SERVICE LIST**
HUGO L. GARCIA, ESQ.
E-mail: HGarcia@generalcounselfl.com

**FLORIDA GENERAL COUNSEL, P.A.**
3403 NW 82 Ave
Suite 101D
Doral, FL 33122
Phone: (305) 704-2500
_Attorney for Defendants_

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

# EXHIBIT "A"



# FB DOORS CORP JOB OFFER

*Date : June 26,2018*

Name: Gloria Garcia
Address: ███████████
City: ███████████

RE: JOB OFFER – EMPLOYMENT LETTER

Dear *Mrs. Garcia*

Following our recent discussions, we are delighted to offer you the position of **Lead Qualifier** with *FB DOORS CORP*. If you join *FB DOORS CORP*, you will become part of a team that works together to provide our clients with the highest possible level of service and advice.

As a member of *FB DOORS CORP* team, we would ask for your commitment to deliver outstanding quality and results that exceed client expectations. In addition, we expect your personal accountability in all the products, actions, advice and results that you provide as a part of our team. In return, we are committed to providing you with every opportunity to learn, grow and stretch to the highest level of your ability and potential.

We are confident you will find this new opportunity both challenging and rewarding. The following points outline the terms and conditions we are proposing.

Position: *Lead Qualifier*

Job description:

Start date: June 28th,2018

Rate: $ 10 / per hour

Leads : 50 Leads - First Month :   30% that will become sale : $ 25 per sale
45% that will become sale: $ 50 per sale
Over 45 % that will become sale $ 75 per sale

Probation: *you will have a 90 days period. After 90 days period will be evaluated.*

Group benefits: *N/A*

**Hours of work**: Monday Thru Friday from 10:00 AM to 6:00 PM with one hour lunch
Saturdays : 9:00 AM to 2:00 PM

This schedule can be changed according to the company needs.

Supervisor: Israel Lared

Vacation Policy: To Discuss

Following the initial probationary period, a progression and performance review will be conducted to assess performance to-date, and to clarify or modify this arrangement, as the need may arise.

This arrangement may be terminated by either party upon notice in writing to either party with notice that complies with Employment Standards (or Labour Standards).

We look forward to the opportunity to work with you in an atmosphere that is successful and mutually challenging and rewarding.

Sincerely,

*Name:*_____

*Title :*_____
*FB DOORS CORP*

With the signature below, I accept this offer for employment.

_____          ___06-26-18___
Name                                              Date

# EXHIBIT "B"

| GLORIA GARCIA | | | 2018 Sales | | | | | | | | 2018 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 786-203-8999 | | | | | | | | | | | |

| Date | FB # | Sales Repre | Customer | Full Charge | Rate | Comm | Comm | 1st Payment | Date | PAYROLL | Total Owe |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 7/10/2018 | | | | | | | $ 25.00 | $ 25.00 | 7/19/2018 | 07/09-07/14 | $ - |
| 7/10/2018 | | | | | | | $ 25.00 | $ 25.00 | 7/19/2018 | 07/09-07/14 | $ - |
| 7/11/2018 | | | | | | | $ 25.00 | $ 25.00 | 7/19/2018 | 07/09-07/14 | $ - |
| 7/18/2018 | | | | $ | 1% | $ 18.50 | $ 25.00 | $ 43.50 | 7/27/2018 | 07/16-07/21 | $ - |
| 7/20/2018 | | | | | | | $ 25.00 | $ 25.00 | 8/3/2018 | 07/23-07/28 | $ - |
| 7/21/2018 | | | | | | | $ 25.00 | $ 25.00 | 7/27/2018 | 07/16-07/21 | $ - |
| 7/27/2018 | | | | $ | 1% | $ 105.00 | $ 25.00 | $ 130.00 | 8/3/2018 | 07/23-07/28 | $ - |
| 7/30/2018 | | | | | | | $ 25.00 | $ 25.00 | 8/10/2018 | 07/30-08/04 | $ - |
| 7/31/2018 | | | | $ | 0.5% | $ 143.80 | $ 25.00 | $ 168.80 | 8/10/2018 | 07/30-08/04 | $ - |
| 8/1/2018 | | | | | | | $ 25.00 | $ 25.00 | 8/10/2018 | 07/30-08/04 | $ - |
| 8/4/2018 | | | | $ | 0.5% | $ 49.00 | $ 25.00 | $ 74.00 | 8/10/2018 | 07/30-08/04 | $ - |
| 8/4/2018 | | GLORIA | | $ | 1% | $ 221.43 | | $ 221.43 | 8/10/2018 | 07/30-08/04 | $ - |
| 8/6/2018 | | GLORIA/ | | $ | 1% | $ 67.85 | | $ 67.85 | 8/17/2018 | 08/04-08/11 | $ - |
| 8/11/2018 | | GLORIA | | $ | 1% | $ 13.50 | | $ 13.50 | 8/17/2018 | 08/04-08/11 | $ - |
| 8/11/2018 | | | | | | | $ 25.00 | $ 25.00 | 8/17/2018 | 08/04-08/11 | $ - |
| 8/15/2018 | | | | | | | $ 25.00 | $ 25.00 | 8/24/2018 | 08/13-08/18 | $ - |
| 8/16/2018 | | GLORIA | | $ | 1% | $ 42.78 | | $ 42.78 | 8/24/2018 | 08/13-08/18 | $ - |
| 8/16/2018 | | | | | | | $ 25.00 | $ 25.00 | 8/24/2018 | 08/13-08/18 | $ - |
| 8/23/2018 | | | | | | | $ 25.00 | $ 25.00 | 8/31/2018 | 08/20-08/25 | $ - |
| 8/23/2018 | | | | | | | $ 25.00 | $ 25.00 | 8/31/2018 | 08/20-08/25 | $ - |
| 8/25/2018 | | GLORIA | | $ | 1% | $ 45.00 | | $ 45.00 | 8/31/2018 | 08/20-08/25 | $ - |
| 8/27/2018 | | | | | | | $ 25.00 | 25.00 | 9/7/2018 | 08/27-09/01 | $ - |
| 8/28/2018 | | | | | | | $ 25.00 | 25.00 | 9/7/2018 | 08/27-09/01 | $ - |
| 9/1/2018 | | | | | | | $ 25.00 | 25.00 | 9/7/2018 | 08/27-09/01 | $ - |
| 9/7/2018 | | | | | | | $ 25.00 | 25.00 | 9/14/2018 | 09/03-09/08 | $ - |
| 9/6/2018 | | | | | | | $ 25.00 | 25.00 | 9/14/2018 | 09/03-09/08 | $ - |
| 9/8/2018 | | /GLORIA | | $ | 1% | $ 234.82 | | 249.82 | 9/14/2018 | 09/03-09/08 | $ (15.00) |
| 9/13/2018 | | GLORIA | | $ | 0.5% | $ 434.26 | | 434.26 | 10/5/2018 | 09/24-09/29 | $ 0.00 |
| 9/18/2018 | | GLORIA | | $ | 1% | $ 48.41 | | 48.41 | 10/5/2018 | 09/24-09/29 | $ - |
| 9/18/2018 | | | | | | | $ 25.00 | 25.00 | 9/28/2018 | 09/17-09/22 | $ - |
| 9/19/2018 | | | | | | | $ 25.00 | 25.00 | 9/28/2018 | 09/17-09/22 | $ - |
| 9/20/2018 | | | | | | | $ 25.00 | 25.00 | 9/28/2018 | 09/17-09/22 | $ - |
| 9/22/2018 | | GLORIA | | $ | 0.5% | $ 57.50 | | 57.50 | 9/28/2018 | 09/17-09/22 | $ - |
| 10/1/2018 | | | | | | | $ 25.00 | 25.00 | 10/12/2018 | 10/01-10/06 | $ - |
| 10/1/2018 | | GLORIA | | $ | 1% | $ 47.08 | | 47.08 | 10/12/2018 | 10/01-10/06 | $ (0.00) |
| 10/6/2018 | | GLORIA | | $ | 0.5% | $ 81.25 | | 81.25 | 10/12/2018 | 10/01-10/06 | $ - |
| 10/13/2018 | | GLORIA | | $ | 1% | $ 37.50 | | 37.50 | 10/19/2018 | 10/08-10/13 | $ - |
| 10/15/2018 | | GLORIA | | $ | 1% | $ 50.00 | | 50.00 | 10/26/2018 | 10/15-10/20 | $ - |
| 10/15/2018 | | | | | | | $ 25.00 | 25.00 | 10/26/2018 | 10/15-10/20 | $ - |
| 10/16/2018 | | | | | | | $ 25.00 | 25.00 | 10/26/2018 | 10/15-10/20 | $ - |
| 10/17/2018 | | | | | | | $ 25.00 | 25.00 | 10/26/2018 | 10/15-10/20 | $ - |
| 10/19/2018 | | GLORIA | | $ | 0.5% | $ 114.22 | | 114.22 | 10/26/2018 | 10/15-10/20 | $ (0.00) |
| 10/23/2018 | | GLORIA | | $ | 1% | $ 23.71 | | 23.71 | 11/2/2018 | 10/22-10/27 | $ (0.00) |
| 10/23/2018 | | GLORIA | | $ | 1% | $ 95.70 | | 95.70 | 11/2/2018 | 10/22-10/27 | $ - |
| 10/25/2018 | | GLORIA | | $ | 1% | $ 15.00 | | 15.00 | 11/2/2018 | 10/22-10/27 | $ - |
| 11/5/2018 | | | | | | | $ 25.00 | 25.00 | 11/16/2018 | 11/05-11/11 | $ - |
| 11/8/2018 | | | | | | | $ 25.00 | 25.00 | 11/21/2018 | 11/12-11/17 | $ - |
| 11/13/2018 | | GLORIA | | $ | 1% | $ 55.00 | | 55.00 | 11/21/2018 | 11/12-11/17 | $ - |
| 11/15/2018 | | GLORIA | | $ | 0.5% | $ 5.92 | | 5.92 | 11/21/2018 | 11/12-11/17 | $ (0.00) |
| 11/16/2018 | | | | | | | $ 25.00 | 25.00 | 11/21/2018 | 11/12-11/17 | $ - |
| 11/17/2018 | | | | | | | $ 25.00 | 25.00 | 11/21/2018 | 11/12-11/17 | $ - |
| 11/26/2018 | | | | | | | $ 25.00 | 25.00 | 12/7/2018 | 11/26-12/01 | $ - |
| 11/27/2018 | | | | $ | 0.50% | $ 480.00 | | 480.00 | 12/7/2018 | 11/26-12/01 | $ - |
| 12/1/2018 | | GLORIA | | $ | 1% | $ 249.49 | | 249.49 | 12/7/2018 | 11/26-12/01 | $ - |
| 12/4/2018 | | | | | | | $ 25.00 | 25.00 | 12/14/2018 | 12/03-12/08 | $ - |
| 12/6/2018 | | | | | | | $ 25.00 | 25.00 | 12/14/2018 | 12/03-12/08 | $ - |
| 12/8/2018 | | GLORIA/ | | $ | 1% | $ 57.68 | | 57.68 | 12/14/2018 | 12/03-12/08 | $ - |
| 12/12/2018 | | | | | | | $ 25.00 | 25.00 | 12/20/2018 | 12/10-12/16 | $ - |
| 12/14/2018 | | | | | | | $ 25.00 | 25.00 | 12/20/2018 | 12/10-12/16 | $ - |
| 12/14/2018 | | | | | | | HOLD | | | | $ - |
| 12/17/2018 | | GLORIA | | $ | 1% | $ 47.90 | | 47.90 | 1/4/2019 | 12/17-12/20 | $ - |
| | | | 2019 | | | | | | | | |
| | | | | | | | | | | | |
| | | | | $ | | | | $ 3,782.30 | | | $ (0.01) |

TOTAL

# EXHIBIT "C"







04/22 - 04/27 - $ 659.50
04/15 - 04/21 - $ 496.50
04/08 - 04/14 - $ 490.75
04/01 - 04/07 - $ 365.67

April - $ 2,012.42
2019.





GLORIA GARCIA
786-203-8999

| Date | FB # | Customer | Full Charge | Rate | Payment | Total Comm | 15ᵗ Payment | Date | PAYROLL | 2ND Payment | Date | PAYROLL | Total Owe |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 6,564.00 | 3% | YGRENE | 196.92 | 18.46 | 2/5/2019 | 4601 | | | | |
| | | | 5,000.00 | 3% | YGRENE | 150.00 | 5.00 | 2/6/2019 | 4601 | | | | |
| | | | 1,500.00 | 3% | YGRENE | 45.00 | 12.50 | 2/6/2019 | 4601 | | | | 75.00 |
| | | | 15,364.00 | 12% | YGRENE | 1,843.68 | 961.84 | 2/6/2019 | 4601 | | | | 22.55 |
| | | | 413.20 | 3% | CASH | 12.40 | 6.20 | 2/6/2019 | 4601 | | | | 911.84 |
| 2019 | | | 20,000.00 | 3% | | 600.00 | 300.00 | 2/6/2019 | 4601 | | | | 6.20 |
| 2019 | | | 48,841.20 | | | 2,848.00 | 1,424.00 | | | | | | 300.00 |
| | | | 10,500.00 | 2% | CHECK | 105.00 | | | | | | | 1,424.00 |
| 2019 | | | 3,500.00 | 3% | CHECK | 105.00 | 52.50 | | | | | | 52.50 |
| 2019 | | | 15,687.00 | 7% | YGRENE | 1,098.09 | 549.05 | | | | | | 52.50 |
| 2019 | | | 13,598.00 | 7% | YGRENE | 951.86 | 475.93 | no | | | | | 549.05 |
| 2019 | | | 8,147.00 | 10% | CHECK | 814.70 | 407.35 | | | | | | 475.93 |
| 2019 | | | 23,790.00 | 5% | YGRENE | 1,089.50 | 544.75 | no | | | | | 407.35 |
| | | | 11,781.00 | 3% | YGRENE | 353.43 | 476.71 | | | | | | 544.75 |
| | | | 25,383.00 | 3% | YGRENE | 761.49 | 380.75 | | | | | | 176.72 |
| | | | 110,386.00 | | | 5,279.07 | 2,639.94 | | | | | | 380.75 |
| | | | | | | | | | | | | | 2,639.94 |
| | | | 220,772.00 | | | | 5,279.87 | | | | | | 8,127.87 |

*los Castillo.*                    TOTAL        $ 2,588.59   $1,934.40

02/15 – $ 557.80 ✗                      $607.74
02/22 – $ 570.70 ✗
03/01 – $ 384.80 ✗
03/08 – $ 518,50 ✗
        $ 2,031.80 ✗



March 2019

Payroll Paid march : $1,912.17

4/10/19  $3967  } $5114.17
3/31/19  $1147.17



